UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JANE DOES 1-3**, individually and on behalf
of all others similarly situated,

                Plaintiffs,

                                                      No. 2:13-cv-14492
vs.                                                Hon. Gerald E. Rosen

**THE COLISEUM, Inc.**, et al.,

                Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFFS' EX PARTE MOTION
TO FILE CONSENT FORMS UNDER SEAL**

      In this putative class and collective action, Plaintiffs are current and former exotic dancers at adult nightclubs alleging minimum wage violations under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, and under Michigan's Minimum Wage Law, M.C.L. § 408.382.  Currently before the Court is Plaintiffs' request to file their FLSA "opt-in" consent forms pursuant to 29 U.S.C. § 216(b) under seal. Plaintiffs wish to file these consent forms in order to toll the FLSA's statute of limitations.  (Plfs' Mtn., Dkt. # 3, at 3-4).

      First, a note about the status of Plaintiffs' Complaint.  "It is a general rule that a complaint *must* state the names of the parties.  Plaintiffs are permitted to proceed under pseudonyms only under certain circumstances that justify an

exception to this rule." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (citing Fed. R. Civ. P. 10(a) and *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004)).  A Court may excuse parties from identifying themselves if their "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe*, 370 F.3d at 560.  Plaintiffs filed their Complaint under a fictitious name and seek to proceed pseudonymously,[1] (Plfs' Compl., Dkt. # 1, at ¶¶ 10-12), but did not move for leave to proceed in this manner.  Moreover, Defendants have neither appeared, nor answered (or otherwise responded to) Plaintiffs' Complaint.

These concerns aside, because opting-in tolls the FLSA's statute of limitations, 29 U.S.C. § 256, the Court hereby GRANTS Plaintiffs' Motion without prejudice.  Once Defendants appear and answer (or otherwise respond to) Plaintiffs' Complaint, Plaintiffs are directed to file an appropriate motion with the Court concerning Plaintiffs' request to proceed pseudonymously.  If the Court subsequently determines that Plaintiffs' privacy interests do not "substantially outweigh the presumption of open judicial proceedings," the Court will unseal the consent forms.

For all of the foregoing reasons,

---

[1] Plaintiffs use the term "anonymously," but note that they will disclose Plaintiffs' identities "privately in order to allow [Defendants] to assess and defend [against Plaintiffs'] claims."  (Plfs' Compl., Dkt. # 1, at ¶ 12).  The Court, therefore, assumes that Plaintiffs mean "pseudonymously," not "anonymously."

IT IS HEREBY ORDERED that Plaintiffs' Ex Parte Motion to File Consent Forms Under Seal [Dkt. # 3] is GRANTED without prejudice.

**IT IS SO ORDERED.**

Dated:  November 5, 2013          s/Gerald E. Rosen
                                  GERALD E. ROSEN
                                  CHIEF, U.S. DISTRICT COURT


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 5, 2013, by electronic and/or ordinary mail.

                                  s/Julie Owens
                                  Case Manager, 313-234-5135

3